UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| REGINALD DARNELL PORTER,           )<br>                                                           )<br>       Plaintiff,                                 )<br>                                                           )<br>              v.                                       )      Cause No. 2:24-CV-034-PPS-JEM<br>                                                           )<br>CHRISTOPHER STARKS, *et al.*,     )<br>                                                           )<br>       Defendants.                            ) | |

## OPINION AND ORDER

Plaintiff Reginald Darnell Porter, proceeding *pro se*, filed a civil complaint and a motion for leave to proceed in forma pauperis. [DE 1; DE 2.] Because Porter is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A document filed pro se is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Under Rule 8(a)(2), Porter is required to provide a short and plain statement that plausibly demonstrates he is entitled to relief from the defendants. He has sued Gary Police Department Officer Christopher Stark, Lake County Superior Court Judge Natalie

Bokota and Magistrate Mark Watson, Lake County Prosecutor Bernard Carter and Deputy Prosecuting Attorney Arturo Balcazar, the Indiana State Bar Association, and Indiana Secretary of State Diego Morales, for violations of 42 U.S.C. § 1983, the Administrative Procedures Act (5 U.S.C. § 551 *et seq.*), and the Tucker Act (28 U.S.C. § 1491(b)). [DE 1 at 1–3.]

Porter's complaint is essentially incomprehensible. There are so many issues with the claims it is hard to know where to start. Porter, for his part, starts by listing a litany of relief he is seeking from the defendants. First, he asserts a claim for $5 million in damages for alleged deprivations of his civil rights. He further seeks an order revoking the judges' licenses to practice law in the State of Indiana and "to be granted the Prosecutor's Assets." Finally, he "demands complete control of the state court's corporate charter and to have all records" related to his arrest "removed from the record including any jail time," and an order directing "the police officer not to have contact with [him] without a police corporate supervisor present." *Id.* at 5.

Eventually, Porter gets around to telling me what he thinks the defendants did to violate his rights. *See id.* at 7 (section entitled "Short and Plain Statement of The Claim"). But his statement of the facts forming the basis for his wide-ranging legal claims is essentially a potpourri of legal conclusions and labels – not specific facts telling me what happened to him. I have read the complaint several times, and it's not at all clear to me what any of the individual defendants did to violate Porter's rights under federal law or the Constitution. It appears that there was a police stop involving Porter and Officer

2

Stark. *Id.* at 7 (describing an "illegal traffic stop without an injured party"). Some time thereafter, Porter was arrested. Porter claims Stark "did not issue [him] a traffic ticket," but later signed a "summons" for him to appear in court. *Id.* That's really it. I cannot tell how or when Porter was arrested, but it stands to reason there may have been a bench warrant issued for his arrest. There are no specific facts alleged about what anybody aside from Officer Stark did to harm Porter – just legal conclusions and labels. For example, among other legal conclusions, Porter claims there is a "traffic ticket R.I.C.O. scheme" involving the named defendants, which is "unconstitutional starting at the gate when the police officer illegally signs in the place of a judicial officer of the court." *Id.*

Essentially, it seems that Porter takes issue with the fact that he was not issued a traffic ticket at the time he was pulled over, but may have later been hauled into court for a traffic violation. But that's just guesswork. The complaint contains no specific facts telling me who did what, and when, to harm Porter in the chain of events. If Porter wishes to proceed with his claims, he must address these fundamental deficiencies. He must lay out in *facts*, not legal conclusions, what occurred giving rise to his claims against each individual defendant. He must allege *facts*, not legal labels, about what the defendants did or said to him in the course of those events. If he cannot do so in plain english, he may simply not have a claim as against certain of the defendants.

The circuit has observed that dismissing an action under 28 U.S.C. § 1915(e)(2) "without leave to amend" may raise "serious questions about fair access to the courts," because "an IFP applicant's case could be tossed out of court without giving the

3

applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–23 (7th Cir. 2013). *See also Frey v. EPA*, 270 F.3d 1129, 1131–32 (7th Cir. 2001) (in case where plaintiffs paid the filing fee: "We have warned that *sua sponte* dismissals without prior notice or opportunity to be heard are hazardous and that unless the defect is clearly incurable a district court should grant the plaintiff leave to amend[.]") (internal quotations omitted).

In keeping with this guidance, I will allow Porter an opportunity to amend his complaint to allege *facts* that form the basis for legal claims, rather than boilerplate legal conclusions and labels. In doing so, I will remind Porter that he should pay heed to some basic concepts: judges are nearly always immune from suit for actions they take in their judicial capacity. The same applies to prosecutors when they are discharging their prosecutorial function. An amended complaint against any of these folks will almost surely be a loser. By contrast, a claim of unconstitutional conduct by a police officer, while also subject to some immunity (it's called qualified immunity), is more likely to have some legs to it. In all events, any amended complaint from Porter must tell me in plain language what happened to him and who did it.

**ACCORDINGLY:**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff Reginald Darnell Porter's complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**, for failure to state a claim on which relief may be granted. Porter is **ORDERED** to file an amended complaint on or before **March 6, 2024**. If he fails to do so, this case will be dismissed with prejudice.

**SO ORDERED**.

ENTERED: February 5, 2024.

                                                /s/ Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT