UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| REGINALD DARNELL PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:24-CV-034-PPS-JEM |
| | ) |
| CHRISTOPHER STARKS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Plaintiff Reginald Darnell Porter, proceeding *pro se*, filed this action January 24, 2024. [DE 1.] I screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it for failure to state a claim. [DE 3.] Porter was granted leave to amend his complaint and he has done so. [*Id.* at 4; DE 4.] Because Porter is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A document filed pro se is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

As explained in my prior Opinion and Order, Under Rule 8(a)(2), Porter is required to provide a short and plain statement that plausibly demonstrates he is

entitled to relief from the defendants. His amended complaint asserts claims against the originally named defendants Gary Police Department Officer Christopher Stark, Lake County Superior Court Judge Natalie Bokota and Magistrate Mark Watson, Lake County Prosecutor Bernard Carter and Deputy Prosecuting Attorney Arturo Balcazar, the Indiana State Bar Association, and Indiana Secretary of State Diego Morales, for violations of 42 U.S.C. § 1983, based on violations of his Fourth, Fifth, and Sixth Amendment rights. [DE 4 at 3.] Porter seeks $5 million in damages. *Id.* at 4.

Porter asserts that Officer Starks "initiat[ed] a criminal background check" without Porter's "consent," which he claims "is a Fourth Amendment violation." *Id.* at 3. That background check led Judge Watson to issue an "at large w/o bail warrant" for Porter. *Id.* Porter takes issue with the warrant for his arrest because it was unsupported by "probable cause of a verified criminal complaint from an injured party or witness," which he claims "is a Fifth & Sixth Amendment violation." *Id.* Judge Bokota subsequently denied a motion to recall the warrant, which Porter also claims violated his Fifth and Sixth Amendment rights. He tacks on a conclusory allegation that the County Prosecutor and his deputy were "conspiring and acting under color of state law," and that the Secretary of State is also a "party to this entire conspiracy." *Id.*

With these facts in mind, let's turn to the law applicable to Porter's claims under 42 U.S.C. § 1983. The statute provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim, a plaintiff must allege violation of

2

rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). In other words, I must determine whether Porter plausibly alleges that he has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). In making this evaluation, I am guided by the notion that "[r]ather than acting as a source of rights, § 1983 serves as a vehicle for "vindicating federal rights elsewhere conferred." *Rossi v. City of Chicago*, 790 F.3d 729, 734 (7th Cir. 2015) (quoting *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)).

Porter asserts that his Fourth, Fifth, and Sixth Amendment rights were violated because Officer Stark looked into his criminal history "without consent," Judge Watson issued a warrant for his arrest, Judge Bokota denied a motion to recall the warrant, and the prosecutors and Secretary of State are conspired with Officer Starks and the judges in some unidentified way. Porter's threadbare complaint falls far short of plausibly alleging that his rights under the Fourth, Fifth, or Sixth Amendments were violated.

Initially, he fails to allege that Carter, Balcazar, or Morales did anything to him at all. Conclusory statements that a party is part of a conspiracy to deprive rights do not make out a claim under § 1983. *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992) ("A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided."); *Johnson v. Stone*, 268 F.2d 803, 804 (7th Cir. 1959) ("She also complains that defendants conspired . . .. Her factual allegations do not support her conclusory statements."). Moreover, under § 1983,

3

a plaintiff may not rely on "the doctrine of respondeat superior to hold supervisory officials liable for the misconduct of their subordinates." *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)) ("It is well-established that a plaintiff only may bring a § 1983 claim against those individuals personally responsible for the constitutional deprivation."). It is necessary to allege "some personal involvement" in the alleged constitutional deprivation "essentially directing or consenting to the challenged conduct." *Id.* (citing *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). As to the County Prosecutor and Secretary of State, Porter essentially assigns them liability by dint of their supervisory roles, and that is not enough to make out a claim under § 1983. The claims against the prosecutors and Secretary of State will therefore be dismissed.

As to the judges, there is a more fundamental issue with the claims – they are simply alleged to have performed judicial functions within the scope of their jurisdiction. As I noted in dismissing Porter's initial complaint, judicial immunity protects Judge Bokota and Judge Watson from liability under § 1983. *Dellenbach v. Letsinger*, 889 F.2d 755, 758-59 (1989); *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). Because the acts Porter complains about arise out of their judicial capacities, and within the scope of their jurisdiction, the judges are absolutely immune for liability under the statute. Because the judges are free from suit for civil damages, Porter's claims against them fail to the extent he seeks monetary relief against a defendant who is immune from such relief. It's not clear on the face of the complaint, but to the extent Porter wishes to obtain

4

injunctive relief (*i.e.*, reversal of the rulings), "judges are immune from these types of claims and plaintiff cannot pursue the injunctive relief he seeks in a separate suit." *Mohammed v. Alonso*, 2020 WL 8184466, at *1 (N.D. Ill. June 29, 2020).

As to Officer Stark, the Fourth Amendment prohibits unreasonable searches and seizures. "[A]s with all Fourth Amendment inquiries, [I] begin by analyzing whether a search or seizure actually occurred." *Hall v. City of Chicago*, 953 F.3d 945, 951 (7th Cir. 2020) (citing *Carlson v. Bukovic*, 621 F.3d 610, 618 (7th Cir. 2010)). Porter tells me that Officer Stark performed a criminal background check without his consent. The context of the "background check" is unclear on the face of the amended complaint. That said, in his prior pleading Porter told me that Officer Stark stopped him while he was driving and "did not issue [Porter] a traffic ticket," while Stark later "signed a summons" for him to appear in court, which led to the issuance of the warrant for his arrest. [DE 1 at 7.] I can reasonably infer that Porter asserts that Officer Stark violated his rights by looking into his criminal history in the context of that traffic stop. There is no suggestion in either pleading that the initial stop was improper and itself violated Porter's Fourth Amendment right against unreasonable seizures.

In the context of a legitimate traffic stop, the Supreme Court has held that police are "free to ask a person for identification without implicating the Fourth Amendment," and a request for identification does not, by itself, constitute a Fourth Amendment seizure." *Hiibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt Cnty.*, 542 U.S. 177, 185 (2004) (noting "[k]nowledge of identity may inform an officer that a suspect is wanted for

5

another offense"); *INS v. Delgado*, 466 U.S. 210, 216 (1984). *See also Hall*, 953 F.3d at 951 ("[M]erely asking for identification does not amount to a seizure under the Fourth Amendment."). "Indeed, 'even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual [and] ask to examine the individual's identification . . . as long as the police do not convey a message that compliance with their requests is required.'" *Hall*, 954 F.3d at 951 (quoting *Florida v. Bostick*, 501 U.S. 429, 439 (1991)). Accordingly, "there is no constitutional basis for complaint when the police properly obtain information located in a driver's license or state ID card, and then use it to access additional non-private (but inculpatory) information about the document's owner." *United States v. Diaz-Castaneda*, 494 F.3d 1146, 1153 (9th Cir. 2007). *See also Hall*, 954 F.3d at 953 (" As a warrant check is part of the 'mission' of a proper Terry stop, a delay to perform a warrant check is permissible without separate reasonable suspicion that an individual has an outstanding warrant against him, as long as that delay is reasonable.") (noting warrant check during "street stop" is also not "*per se* unreasonable under the Fourth Amendment" where officer has reasonable suspicion of criminal activity).

  All of this suggests that if Porter's gripe with Officer Stark is that he pulled him over for a legitimate reason, asked for his ID, Porter gave him his ID, and Officer Stark ran a criminal background check, the warrant check is permissible under the Fourth Amendment – even if Officer Stark did not separately have reasonable suspicion that Porter had an outstanding warrant. In other words, to the extent Porter provided his ID

6

to Officer Stark, facilitating a background check during a legitimate traffic stop, Porter cannot state a plausible violation of his Fourth Amendment rights simply because Officer Stark ran a criminal background check "without [Porter's] consent."

The circuit has emphasized that while § 1915(e) provides that courts "shall" dismiss an IFP case if the complaint fails to state a claim for relief, it "does not require that the dismissal be with prejudice and without leave to amend," and plaintiffs should be granted "leave to amend at least once in all cases in which Rule 15(a) would permit leave to amend." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013). In keeping with this guidance, I gave Porter an opportunity to amend. "Although leave to amend should be freely given, . . . that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons addressed above, in this case, Porter's claims against the judges, prosecutors, and Secretary of State are frivolous and cannot be cured by amendment. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Porter also falls far short of stating a plausible violation of his Fourth Amendment rights. All he has alleged is that Officer Stark ran a background check, presumably when Officer Stark stopped his vehicle. There is nothing in Porter's pleadings suggesting that this check was performed as part of an unlawful seizure when Officer Stark pulled him over. All told, if Porter has any claim based on the facts alleged in this case, it is against

7

Officer Starks as relates to his Fourth Amendment rights, based on the theory that the officer lacked probable cause to pull him over. I will thus grant him a final opportunity to amend his complaint to allege facts forming a basis for a claim against Officer Starks for violation of his Fourth Amendment rights.

**ACCORDINGLY:**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii), Plaintiff Reginald Darnell Porter's amended complaint [DE 4] is **DISMISSED**, as follows:

(1) Porter's claims against Defendants Mark Watson, Natalie Bokota, Bernard Carter, Arturo Miguel Balcazar, Diego Morales, the Indiana State Bar Association, and Indiana Secretary of State are **DISMISSED WITH PREJUDICE**.

(2) Porter's claim against Defendant Christopher Stark is **DISMISSED WITHOUT PREJUDICE**.

(3) Porter is **ORDERED** to file an amended complaint, on or before **March 18, 2024**, to the extent he believes he can state a claim against Officer Stark for violation of his Fourth Amendment rights in light of the deficiencies addressed in this Opinion and Order. If Porter does not file an amended complaint before this deadline, the claim against Officer Stark will also be dismissed with prejudice.

**SO ORDERED**.

ENTERED: February 16, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT